■ In the Matter of the Claim of IRENE FRANKEL, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board denying claimant benefits on the ground that she voluntarily left her employment without good cause (Labor Law, § 593, subd. 1). What constitutes "good cause" is factual and thus within the exclusive province of the board if its determination is supported by substantial evidence (Labor Law, § 623; *Matter of Gilmore [Catherwood]*, 25 A D 2d 462; *Matter of Sperling [Catherwood]*, 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481). In the instant case there is substantial evidence upon which the board could find that claimant, before she decided it was necessary to terminate her employment, did not make a reasonable effort to obtain suitable living quarters convenient to her employer's establishment and that therefore her separation from employment was voluntary and not for good cause. Decision affirmed, without costs. Gibson, P. J., Aulisi and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE ARTHUR ECKHARD, Appellant.— HERLIHY, J. P. Appeal by the defendant from an order of the County Court of Madison County, denying without a hearing his application for a writ of error *coram nobis*. Prior to the trial, appellant was found incompetent and committed to Matteawan State Hospital. Upon certification as to his sanity, he was returned to the court, tried, found guilty and sentenced to prison. During the trial, his prior confession of the crime was offered in evidence and was admitted by the court following the statement by the assigned counsel of appellant as follows: "No objections". The question before this court is whether or not the failure of assigned counsel to raise the issue of voluntariness violated a substantial right of the appellant in which case there should have been a hearing granted. In *People* v. *Huntley* (15 N Y 2d 72, 77) it was held that no separate hearing is necessary in cases where a confession was admitted without objection and no assertion of involuntariness was made. In *People* v. *Brown* (7 N Y 2d 359, 361) it was held that *coram nobis* may not be used to remedy alleged negligence or error of judgment on the part of defense counsel in the conduct of a trial. Accordingly, the defendant would not be entitled to *coram nobis* relief even if the facts alleged were proven and the County Court was justified in denying the application without a hearing. Order affirmed. Reynolds, Aulisi and Staley, Jr., JJ., concur; Taylor, J., not voting.